***E-FILED - 12/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY H. CASTRO, JR., | ) | No. C 09-2942 RMW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | ) ) | |
| WARDEN, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court will DISMISS the instant petition with leave to amend.

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\HC.09\Castro942dwlta.wpd          1

1  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is
2  appropriate only where the allegations in the petition are vague or conclusory, palpably
3  incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
4  1990) (quoting Blackledge v. Allison,  431 U.S. 63, 75-76 (1977)).
5  B.      Petitioner's Claims
6       Petitioner filed a petition raising two claims and attaching a state transcript as well as
7  other state court documents.  In its entirety, petitioner's claims read, "Ground One:  Public
8  Defender never contacted any of my witnesses.  See attached.  Ground Two: Conflict of interest.
9  See attached.  Ground Three: Victim stated to various parties that she lied documents attached
10 showing this."  (Petition at p. 6.)
11      In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil
12 Procedure, requires only "a short and plain statement of the claim showing that the pleader is
13 entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas Corpus
14 cases requires a more detailed statement.  The habeas rule instructs the petitioner to "specify all
15 the grounds for relief available to [him]" and to "state the facts supporting each ground."  See
16 also Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state
17 his claims with sufficient specificity).  A prime purpose of Rule 2(c)'s demand that habeas
18 petitioners plead with particularity is to assist the district court in determining whether the state
19 should be ordered to show cause why the writ should not be granted.  Mayle v. Felix, 545 U.S.
20 644, 655-56 (2005).  Conclusory allegations in a habeas petition fail to state a claim and do not
21 suffice to shift the burden to the state to answer an order to show cause.  See Allard v. Nelson,
22 423 F.2d 1216, 1217 (9th Cir. 1970).
23      As the petition currently reads, the court cannot fairly evaluate it in its present state.
24 Accordingly, the court will dismiss the petition with leave to amend and allow petitioner an
25 opportunity to clearly state his grounds for relief.

**CONCLUSION**

27      1.      The instant petition is DISMISSED with leave to amend within **thirty**
28 **(30) days** from the date of this order.  Petitioner shall file an amended petition on the enclosed

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\HC.09\Castro942dwlta.wpd        2

1 habeas form as set forth below. The amended petition must include the caption and civil case
2 number used in this order (C 09-2942 RMW (PR)) and the words "AMENDED PETITION" on
3 the first page. The amended petition will supercede any prior filings and petitioner is reminded
4 that the amended petition must contain all claims he wishes to pursue and may not incorporate
5 by reference any parts of the original petition. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
6 Cir. 1992). The amended petition shall be on the court's form for habeas petitions, **a copy of**
7 **which is enclosed with petitioner's copy of this order.**

8       Petitioner shall take care to write clearly and legibly, so that the court can read what he
9 writes. He must clearly state the grounds for habeas relief challenging either underlying state
10 court criminal conviction or the legality of his confinement. He must set out how he has
11 exhausted his claims, that is, what he did to present them first to the highest state court available,
12 which is the Supreme Court of California. **If petitioner fails to file an amended petition in**
13 **conformity with this order, this action will be dismissed without prejudice.**

14     3.    It is petitioner's responsibility to prosecute this case. Petitioner must keep
15 the court informed of any change of address and must comply with the court's orders in a timely
16 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).

18     IT IS SO ORDERED.
19 DATED: 12/7/09

                                        RONALD M. WHYTE
20                                         United States District Judge